**UNITED STATES of America,
Appellee,**

v.

**John J. FEOLA, Defendant–Appellant.**

**Docket No. 01–1321.**

United States Court of Appeals,
Second Circuit.

Submitted Dec. 4, 2001.

Decided Dec. 26, 2001.

Jack R. Maro, Ocala, FL, for defendant-appellant.

Joseph A. Pavone, U.S. Atty., Michael C. Olmsted, Elizabeth S. Riker, Asst. U.S. Attys., Syracuse, NY, on the brief, for appellee.

Before WALKER, Chief Judge, NEWMAN, and F.I. PARKER, Circuit Judges.

PER CURIAM.

This appeal of a sentence primarily concerns a claim that "relevant conduct," calculated pursuant to the Sentencing Guidelines, U.S.S.G. § 1B1.3, has been used to increase a sentence above a statutory maximum in violation of the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The precise issue is whether conduct relevant to an offense charged in one count may enhance a concurrent sentence on a second count that is less than the maximum statutory sentence for the second count but more than the maximum statutory sentence for the first count. We conclude that such enhancement does not conflict with *Apprendi*, and we therefore affirm.

Appellant John J. Feola appeals from his sentence entered by the district court on July 3, 2001, after conviction upon a guilty plea, of concurrent terms of twenty four months' imprisonment for bank fraud, in violation of 18 U.S.C. § 1344, and 12 months' imprisonment for willfully failing to file a federal income tax return for the 1998 tax year, in violation of 26 U.S.C. § 7203.

Between 1995 and 2000, appellant's wife embezzled nearly four million dollars from her employer by submitting checks with a forgery of her employer's signature to a bank. The joint tax returns filed by the Feolas for the years 1996 and 1997 did not reflect the embezzled money as income and the couple failed to file tax returns for 1998 and 1999. In 1999, the Feolas submitted a copy of a 1998 tax return, which they falsely represented had been filed with the IRS, to a bank in support of a loan application. As a result of these activities, Mrs. Feola pled guilty to one count of bank fraud based on the embezzlement scheme and one count of filing a fraudulent tax return for 1997, and appellant Feola pled guilty to one count of failure to submit a 1998 tax return and one count of bank fraud for the fraudulent loan application.

Based on its calculation that appellant had an income of $47,000.00 during 1998, the Government stipulated to an offense level of 9 for appellant's tax count in the plea agreement. The Presentence Report ("PSR"), however, found that appellant received an additional $776,280.00 in 1998 from Mrs. Feola's embezzlement scheme, and also counted as relevant conduct their filing of the joint tax returns in 1996 and 1997, which did not reflect the embezzled income, as well as their failure to file a tax return in 1999. According to the PSR, the total tax loss for the years 1996 through 1999 amounted to $1,341,767, resulting in an offense level of 19.

The district court agreed with the PSR, finding "almost inconceivable" appellant's arguments that he believed his wife when she told him that the money was a loan

from her employer or that he did not know about the existence of the money at all. After reducing the offense level by 3 for acceptance of responsibility, the district court determined the total offense level to be 16, and sentenced appellant to concurrent terms of 24 months on the bank fraud count and the statutory maximum of 12 months on the tax count.

Appellant argues that the district court erred in calculating his sentence under the Guidelines because (1) the district court should not have considered the embezzlement income generated by his wife's activities in calculating the tax loss attributable to him; and (2) the district court violated the holding of *Apprendi* because conduct relevant to the tax offense resulted in a concurrent sentence on the fraud count that exceeded the statutory maximum of one year on the tax count.

### 1. Calculation of Tax Loss

Facts in support of sentencing need only be proven by a preponderance of the evidence. *See United States v. Sutton,* 13 F.3d 595, 599 (2d Cir.1994) (per curiam) (citations and quotation marks omitted). We review a district court's factual findings for clear error and its application of the Sentencing Guidelines *de novo. United States v. Fitzgerald,* 232 F.3d 315, 318 (2d Cir.2000). In determining the total tax loss attributable to the offense, "all conduct violating the tax laws should be considered as part of the same course of conduct or common scheme or plan unless the evidence demonstrates that the conduct is clearly unrelated." U.S.S.G. § 2T1.1, cmt. n. 2.

Appellant argues that his failure to submit a tax return in 1999 and the understatement of income in the 1996 and 1997 returns cannot be considered relevant conduct because he was unaware that the funds were received as a result of embezzlement, and thus lacked criminal intent. We find that the district court's decision to discredit the assertion that appellant thought the money was a loan to his wife from her employer was not clearly erroneous, given that appellant knowingly submitted a fraudulent tax return to the bank in 1999, and that between 1995 and 1999, sums of money spent by appellant far exceeded the income earned by either spouse, that significant portions of the embezzled money went into the business appellant operated, and that appellant and his wife purchased a plot of land for $235,000 and a mobile home and put a down payment on a house.

Appellant's argument that the district court cannot consider as relevant conduct activity that was not included in the indictment has no merit. *See Fitzgerald,* 232 F.3d at 318 (holding that state and city tax evasion considered relevant conduct under conviction for federal tax evasion); *United States v. Bove,* 155 F.3d 44, 47–48 (2d Cir.1998) (holding that uncharged failure to declare W 2 income for 1992 tax year was relevant conduct for conviction of submitting false tax return in 1993 tax year); *United States v. Silkowski,* 32 F.3d 682, 687 (2d Cir.1994) (stating that uncharged conduct may be considered relevant conduct for sentencing purposes).

### 2. *Apprendi* Claim

Nor are we persuaded by appellant's contention that the district court's sentence implicated the Supreme Court decision in *Apprendi.* In that decision the Court ruled that a fact must be alleged in an indictment and found by a jury beyond a reasonable doubt if it results in a sentence *for a crime* above the maximum specified by statute for that crime. *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348 ("Other than the fact of a prior conviction, any fact that increases the penalty for a

crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). Since *Apprendi,* we have ruled that the decision applies to a fact that increases a statutory *minimum* sentence for an offense to a point above the otherwise applicable Guideline range, *United States v. Guevara,* No. 00–1133, 2001 WL 1613512, at *4 (2d Cir. Dec.18, 2001), but that it does not apply to a fact that determines a Guideline range within a statutory maximum sentence, *United States v. Garcia,* 240 F.3d 180, 183–84 (2d Cir.2001). Appellant contends that his 24–month sentence for the bank fraud offense violates *Apprendi* because the Guideline range that resulted in that sentence was enhanced by conduct relevant to his tax offense for which the statutory maximum sentence is 12 months.

Understanding appellant's argument and ultimately its lack of merit requires some explanation of the Guidelines' provisions for sentencing a defendant convicted on multiple counts. First, counts "involving substantially the same harm" are "grouped" together. U.S.S.G. § 3D1.2. Next, an offense level for each group is determined either by using the offense level, enhanced by relevant conduct, for the most serious offense within the group, or, if counts involving drugs or money are within the group, using the offense level for the aggregate quantity of drugs or money, enhanced by relevant conduct. *Id.* § 3D1.3(a), (b). Next, a combined offense level is determined by using the offense level for the group with the highest level and then adjusting upward depending on the offense levels of the other groups. *Id.* § 3D1.4. Next, a total punishment is selected, using the sentencing range prescribed for the combined offense level and the appropriate criminal history category. *Id.* § 3D1.5. Finally, sentences are imposed by sentencing the defendant to the prescribed total punishment on each count, up to the statutory maximum for that count; if at least one count carries a statutory maximum greater than the prescribed total punishment, the sentences are concurrent, but if the total punishment exceeds the statutory maximums on all counts, the sentences are imposed consecutively to the extent necessary to achieve the prescribed total punishment. *Id.* § 5G1.2; *see United States v. McLeod,* 251 F.3d 78, 83 (2d Cir.2001); *United States v. Rahman,* 189 F.3d 88, 155 (2d Cir.1999).

In appellant's case, the relevant conduct for his tax offense enhanced his offense level for that offense to 16. Had that been his only offense, the prescribed sentence, in Criminal History Category II, would have been within a range of 24–30 months, which could not have been imposed on the tax count because the statutory maximum was 12 months. However, under the multi-count sentencing rules, U.S.S.G. § 5G1.2(b), (c), the prescribed sentence within the range of 24–30 months was required to be imposed on the bank fraud count, for which the statutory maximum was 360 months. 18 U.S.C. § 1344. The minimum sentence in that range, 24 months, was imposed on the bank fraud count to run concurrently with the 12–month sentence on the tax count.

The propriety of permitting relevant conduct for one offense to enhance an aggregate sentence on multiple counts has already been upheld in this Circuit, albeit in slightly different circumstances, in *United States v. White,* 240 F.3d 127, 135–36 (2d Cir.2001). In *White,* relevant conduct was used to determine an offense level that called for a total punishment in excess of the statutory maximums for any of the defendant's individual counts. In conformity with U.S.S.G. § 5G1.2(d), the total punishment was achieved by sentencing the defendant to the statutory maxi-

mum on each count and then running those sentences consecutively.

In appellant's case, had his 24–month aggregate sentence been achieved by imposing a 12–month sentence on the bank fraud count and running it consecutively to the 12–month sentence on the tax count, the result would have been valid under *White*, even though the 24–month total punishment would have been determined based on conduct relevant to his tax offense. Since appellant did not receive a sentence greater than the maximum sentence on any count, and since consecutive sentences could have been imposed on appellant to achieve the 24–month sentence without violating the rule in *Apprendi*, it would make no sense to deem that decision an obstacle to his sentence simply because, under the Guidelines, the availability of a 30–year statutory maximum on the bank fraud count, 18 U.S.C. § 1344, required the total punishment of 24 months (selected from the range of 24–30 months) to be imposed on that count, to run concurrently with the 12–month sentence on the tax count. Either way, conduct relevant to the tax offense will result in an aggregate sentence greater than the statutory maximum for that offense. However, the aggregate sentence is imposed because appellant has committed two offenses, not because a statutory maximum for any one offense has been exceeded.[1]

For the reasons set forth above, the judgment of the district court is affirmed.

---

**1.** We recognize that in *Apprendi* the Supreme Court rejected the State's argument that the challenged sentence should have been upheld because the same aggregate sentence could have been imposed by using consecutive sentences. *Apprendi*, 530 U.S. at 474, 120 S.Ct. 2348. However, the vice in *Apprendi* was the imposition of a sentence on a single count (Count 18) in excess of the statutory maximum for that count. In the pending case, the appellant's sentences on each count is within the statutory maximum for that count. The consecutive sentence analogy from *White* therefore encounters no obstacle under *Apprendi*.