UNITED STATES of America,
Appellee,

v.

Bobby ROBERTSON, Jr., Defendant–
Appellant.

Docket Nos. 01–1575, 01–1687.

United States Court of Appeals,
Second Circuit.

Oct. 23, 2002.

Barbara D. Cottrell, Assistant U.S. Attorney (Joseph A. Pavone, U.S. Attorney, and Grant C. Jacquith, Assistant U.S. Attorney, on the brief), Northern District of New York, Albany, NY, for Appellee.

Robert L. Moore, Hempstead, NY, for Defendant–Appellant.

Present OAKES and STRAUB, Circuit Judges, and PRESKA, Judge.*

**SUMMARY ORDER**

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby **AFFIRMED.**

Defendant Appellant Bobby Robertson, Jr., appeals from an amended judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge* ), dated December 19, 2001, convicting him upon his plea of guilty to a single violation of 21 U.S.C. § 844 and re-sentencing him on remand to a term of imprisonment of 105 months, to be followed by a 3–year term of supervised release. We affirm.

On January 29, 1998, Robertson pleaded guilty to a criminal information that charged him with "knowingly and intentionally possess[ing] approximately 22.5 grams of cocaine base, also known as crack." An individual who is convicted of possessing "a mixture or substance which contains cocaine base" faces a possible term of imprisonment of "not less than 5 years and not more than 20 years." 21 U.S.C. § 844(a). The statute's use of the term "cocaine base" refers to all forms of cocaine base. *United States v. Jackson,* 59 F.3d 1421 (2d Cir.1995) (per curiam), *cert. denied,* 517 U.S. 1139, 116 S.Ct. 1428, 134 L.Ed.2d 551 (1996).

The Sentencing Guidelines set forth a base offense level of 28 for instances in which 22.5 grams of "cocaine base" is at issue. U.S.S.G. §§ 2D2.1(b)(1) &

2D1.1(c)(6). However, the Sentencing Guidelines define "cocaine base" only as "crack"—"the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form." *Id.* § 2D1.1(c), note D. Forms of cocaine base other than crack are treated under the Guidelines as if the defendant had been convicted of possessing cocaine, *see United States v. Canales,* 91 F.3d 363, 366 (2d Cir.1996) (citing U.S.S.G. app. C, amend. 487)—22.5 grams of which carries a base offense level of 12. *Id.* §§ 2D2.1(b)(1) & 2D1.1(c)(14).

Given the vital distinction under the Sentencing Guidelines between crack and non-crack forms of cocaine base, we vacated the original sentence that had been imposed by the District Court on June 4, 1998. *United States v. Robertson,* No. 98–1329, 1999 WL 1212551 (2d Cir.1999) (unpublished summary order). Because neither Robertson's plea allocution nor the documents underlying the plea offered a sufficient basis for determining what form of cocaine base was in Robertson's possession, we ruled that the District Court exceeded its discretion in sentencing Robertson pursuant to the Sentencing Guideline applicable to crack without first conducting an evidentiary hearing "in order to determine whether the substance to which the defendant plead guilty to possessing was, in fact, crack cocaine." *Id.* at *1. We thus remanded the case for the requisite evidentiary hearing and re-sentencing, but affirmed the underlying judgment of conviction.

The evidentiary hearing was conducted on June 19, July 25 and October 17, 2000, after which the District Court concluded in an unpublished opinion as follows: "In the face of the uncontroverted evidence pre-

* The Honorable Loretta A. Preska, United States District Judge for the Southern District of New York, sitting by designation.

sented ..., especially the testimony indicating the appearance and the chemical makeup of the substance at issue, this Court finds that the substance that Robertson pled guilty of possessing was in fact crack cocaine." *United States v. Robertson*, No. 98–CR–26, slip op. at 5 (N.D.N.Y. Oct. 11, 2001). Based on its finding, the District Court re-sentenced Robertson on December 13, 2001 pursuant to the Sentencing Guideline applicable to the crack form of cocaine base. Tr. (12/13/01) at 21.

■ Robertson appeals the new sentence on three grounds. First, Robertson argues that the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), required the government to provide at the evidentiary hearing proof beyond a reasonable doubt that he possessed the crack form of cocaine base. But as the crack/non-crack distinction between forms of cocaine base is relevant solely for purposes of sentencing enhancement under the Sentencing Guidelines and not the underlying statutory sentencing provision, *see Jackson*, 59 F.3d at 1422–24, and as application of the crack sentencing enhancement did not increase Robertson's new sentence beyond the 20–year statutory maximum for possession of all forms of cocaine base, *see* 21 U.S.C. § 844, *Apprendi* is simply not implicated in the manner suggested by Robertson. *See United States v. Garcia*, 240 F.3d 180, 183–84 (2d Cir.2001) ("We see nothing in the [Supreme] Court's holding in *Apprendi* or its explication of the holding that alters a sentencing judge's traditional authority to determine those facts relevant to selection of an appropriate sentence within the statutory maximum, an authority the Supreme Court has recognized both before the Sentencing Guidelines and since their adoption.... [Therefore,] a guideline factor, unrelated to a sentence above a statutory maximum or to a mandatory statutory minimum, may be determined by a sentencing judge and need not be submitted to a jury." (internal citations omitted)), *cert. denied*, 533 U.S. 960, 121 S.Ct. 2615, 150 L.Ed.2d 769 (2001). The District Court was thus correct that the government's burden of proof during the sentencing hearing was by the preponderance of the evidence. *See United States v. Feola*, 275 F.3d 216, 218 (2d Cir.2001) (per curiam) ("Facts in support of sentencing need only be proven by a preponderance of the evidence.").[1]

■ Second, Robertson argues that there was insufficient evidence to support the District Court's factual findings (a) that the substance he possessed was the crack form of cocaine base and (b) that the

---

1. We recognize that the statute to which Robertson pleaded guilty contains separate offenses for possession of cocaine-which carries a statutory maximum term of imprisonment of 3 years for those, like Robertson, with 2 prior drug convictions-and possession of "a mixture or substance which contains cocaine base"—which carries a maximum of 20 years' imprisonment. 21 U.S.C. § 844(a). Thus, one might argue that *Apprendi* prohibits a defendant from being convicted under the cocaine base provision of 21 U.S.C. § 844(a) if *the defendant refuses to allocute specifically that the drugs he possessed were cocaine base* as opposed to cocaine. *Cf. United States v. Doe*, 297 F.3d 76 (2d Cir.2002); *United States v. Yu*, 285 F.3d 192 (2d Cir.2002).

Yet, at his original sentencing, Robertson sought to withdraw only that part of his guilty plea in which he admitted that the drugs he possessed constituted *the crack form* of cocaine base, Tr. (5/26/98) at 4, 7, 21–22—a distinction relevant only to the Sentencing Guidelines and only after it is first established that the cocaine base provision of 21 U.S.C. § 844(a) applies. We recognized as much in our summary order vacating the original sentence and thus remanded solely so that the District Court could conduct an evidentiary hearing on the applicability of the Sentencing Guidelines' enhancement for the crack form of cocaine base. *Robertson*, 1999 WL 1212551, at *1. Robertson did not raise, and so we did not consider, any possible challenge

chain of custody was established. We do not view either of these findings as clearly erroneous. 18 U.S.C. § 3742(e). The Sentencing Guidelines define "crack" as the "form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form," U.S.S.G. § 2D1.1(c), note D,[2] and Robertson's own expert witness testified that he agreed that the substance allegedly in Robertson's possession "was a rock-like substance confirmed as containing 43 percent cocaine base." Tr. (10/17/00) at 129. As for the chain of custody issue, we agree with the District Court that the government satisfactorily accounted for the whereabouts of the evidence at all relevant times.

 Third, Robertson claims that his federal prosecution violated his state right to a speedy trial and his Sixth Amendment right to effective counsel. When Robert-

son first appealed his conviction and sentence, we vacated the sentence but affirmed the conviction. *Robertson,* 1999 WL 1212551, at *2. Our remand was solely for purposes of re-sentencing. Accordingly, these renewed attacks on the underlying conviction have been waived. *See United States v. Ben Zvi,* 242 F.3d 89, 96 (2d Cir.2001) ("The proper time for defendant to have challenged the timeliness of the wire fraud conspiracy charge was on the first appeal when the issue was then ripe for review. She did not do so, and as a result, is foreclosed from raising it now.").

For all the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED.**

---

to his admission, by guilty plea, that the substance he possessed was cocaine base of some form or another.

Even in the instant appeal Robertson continues in his narrow focus on the distinction, for purposes of the Sentencing Guidelines, between the crack and non-crack forms of cocaine base. Nowhere in his brief does he discuss the distinction, for purposes of 21 U.S.C. 844(a), between cocaine and cocaine base. Most significantly, Robertson goes so far as to admit in his brief that

> [t]he chemical nature of the drug is beyond challenge; the expert witnesses on both sides agree that, chemically, it is cocaine base. The dispute is whether it is 'crack', raising the question of what, if anything, differentiates 'crack' from cocaine base. The distinction is significant, and needs to be clarified, since the Guidelines, upon which the sentencing authority of a District Court rests, specify that 'cocaine base', for purposes of this guideline, means 'crack'.

Appellant's Br. at 18. In light of all the foregoing, we simply have not been called upon to consider any *Apprendi* argument relating to the distinct offenses under 21 U.S.C. § 844(a) for possession of cocaine versus cocaine base.

2. Robertson urges that we inject into the Guidelines' definition of crack a purity requirement of at least 50 percent. Robertson makes this suggestion despite the fact that the drug definition in the Guidelines that immediately precedes the definition of crack *does* reference purity, *see* U.S.S.G. § 2D1.1(c) note C (" 'Ice,' for the purposes of this guideline, means a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity."), thereby leading to the inference that the Sentencing Commission could have added a purity requirement to the definition of crack had it desired to do so. In any event, as the District Court correctly ruled, *Robertson,* slip op. at 3–4, no such opportunity for definitional amendment exists in light of our previous decision in *United States v. Canales,* 91 F.3d 363, 368 (2d Cir.1996), in which we held that the Guidelines' defining of crack just "by its tell-tale appearance and by the common method of its manufacture" was unambiguous, adequately descriptive and "lucid enough for lawyers, dealers, users and citizens" such that no other technical definition was necessary.