{¶ 41} While I concur in judgment only in affirming the trial court's determination that Quinones is a sexual predator, I respectfully dissent from the majority and would affirm the trial court's imposition of maximum and consecutive sentences. Unlike the majority, I am reluctant to turn what appears to be a clerical error in the journal entry of case number 438531 into an ambiguity. As the majority concedes, the trial court stated on the record at sentencing that the 10-year prison term for the rape (case number 437597), the eight-month prison term for the unlawful sexual conduct (case number 438531), and the two concurrent eighteen-month prison terms for the two counts of unlawful sexual conduct (case number 435216) were to be served consecutive for a total of 12 years and three months. The consecutive sentence imposed on the record, coupled with the fact that two of the three journal entries mirror the consecutive sentence imposed, implies that the trial court's journal entry for case number 438531, where it reads that the eight-month prison term for unlawful sexual conduct will run concurrent to case numbers 437597 and 435216, is a mistake. To the extent that the majority believes that the concurrent sentence stated in case number 438531 is controlling, I disagree.
 {¶ 42} I also disagree with the majority's reliance uponBlakely v. Washington (2004), ___ U.S. ___, 124 S.Ct. 2531,159 L.Ed.2d 403 as the basis for which to vacate and remand this matter for resentencing. The majority concludes that the maximum sentence imposed on Quinones violated Blakely because the jury did not make a finding that he had committed the worst form of the offense or that he posed the greatest likelihood of recidivism, nor did he admit to either. Although Blakely states that the "statutory maximum" is the "maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant," Blakely also makes clear that "a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion." ___ U.S. ___, 124 S.Ct. at 413, 417. The findings required to impose the maximum sentence pursuant to R.C.2929.14(C) do not entail additional fact-finding in the sense that would implicate Blakely.
 {¶ 43} Here, the trial court found that Quinones had committed the worst form of the offense by taking away the innocence of children — charges that were specifically made in the indictment and to which Quinones pled guilty. The trial court also found that Quinones showed the greatest likelihood of committing future crimes because of his past criminal and juvenile history, which included a prior conviction for grand theft auto and previous delinquency findings of felonious assault on a police officer, grand theft auto, and aggravated robbery. As reiterated in Blakely, it is entirely proper for the trial court to consider prior convictions in imposing sentences. ___ U.S. ___, 124 S.Ct. at 412. Because the trial court made the appropriate findings pursuant to R.C. 2929.14(C) in imposing maximum sentences (a fact to which the majority agrees) and did not make additional fact-finding, the trial court did not violateBlakely. I would therefore affirm the trial court's imposition of the maximum sentences.
 {¶ 44} Finally, I would also affirm the trial court's imposition of consecutive sentences, as the trial court made the appropriate findings and gave its reasons pursuant to R.C.2929.14(E)(4). Although the majority does not address Quinones' argument as to the consecutive sentences, it should be noted thatBlakely does not apply to such consecutive sentences, as federal courts have consistently held that the imposition of consecutive sentences does not raise issues under the Sixth Amendment as long as the individual sentence for each count does not exceed the maximum. See United States v. Feola (C.A. 2, 2001), 275 F.3d 216, 220 ("The aggregate sentence is imposed because appellant has committed two offenses, not because a statutory maximum for any one offense has been exceeded.") Because the trial court did not violate Blakely and gave its findings and reasons, I would affirm the trial court's imposition of maximum and consecutive sentences.