IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00104-CR

 

William Carroll Marrow,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2003-615-C

 



Opinion










 

          A
jury convicted William Carroll Marrow of three counts of aggravated sexual
assault and a single count of indecency with a child.  The jury assessed his punishment at
sixty-five years’ imprisonment on the three aggravated sexual assault counts
and fifteen years’ imprisonment on the indecency count.  The court ordered that Marrow’s sentences run
consecutively.

          Marrow
contends in two issues that: (1) the cumulation of his sentences violates due
process and due course of law because he did not receive notice of the State’s
intent to seek a cumulation order; and (2) the court’s decision to cumulate his
sentences violated his Sixth Amendment right to jury trial under Apprendi v. New Jersey[1]
and its progeny because the cumulation order in effect caused his sentences to
exceed the prescribed statutory maximum. 
We will affirm.

Facts

          After
the punishment verdict was read in open court, the State asked the court “to
consider cumulating at least part of the charges, if not all of them.”  Marrow responded with a general objection.  The court ordered that the four sentences run
consecutively.

Notice
of Intent to Seek Cumulative Sentences

          Marrow
contends in his first issue that the court’s cumulation order violated his
rights to due process and due course of law because he received no prior notice
of the State’s intent to seek cumulative sentences.  The State responds that Marrow’s general
objection did not suffice to preserve this issue for our review.

          Marrow
argues that his right to notice in this regard is a category two right under Marin[2]
which cannot be forfeited unless expressly waived.  We disagree. 
An allegation that the defendant’s right to due process has been
violated must be preserved by a timely, specific objection.  See Hull v. State, 67 S.W.3d 215, 216-17 (Tex. Crim. App. 2002);
Jaenicke v. State, 109 S.W.3d 793, 795 n.3 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d); see also Tex. R. App. P. 33.1(a)(1). 
Marrow’s objection was timely but not specific.  Thus, Marrow failed to preserve this issue
for appellate review.  See Tex.
R. App. P. 33.1(a)(1); Reyna v.
State, 99 S.W.3d 344, 348 (Tex.
App.—Fort Worth 2003, pet. ref’d).

          Accordingly,
we overrule Marrow’s first issue.

Right
To Jury Trial

          Marrow
contends in his second issue that the court’s decision to cumulate his
sentences violated his Sixth Amendment right to jury trial under Apprendi and its progeny because the
cumulation order in effect caused his sentences to exceed the prescribed
statutory maximum.

          The
State responds that Marrow’s general objection failed to preserve this issue for
appellate review.  See Turner v. State, No. 05-04-00282-CR, 2004 Tex. App. LEXIS
10673, at **3-4 (Tex. App.—Dallas Nov. 30, 2004, pet. ref’d) (not designated for
publication).  We disagree.

          Marrow’s
complaint focuses on the denial of his Sixth Amendment right to jury trial.[3]  The constitutional right to jury trial is one
which cannot be forfeited absent an express waiver.  See
Sanchez v. State, 120 S.W.3d 359, 366 (Tex. Crim. App. 2003); Marin v. State, 851 S.W.2d 275, 278-80 (Tex. Crim. App. 1993).  Thus, the general rules for preservation of
error do not apply to this issue.  Id.

          According
to Apprendi and its progeny, “Other
than the fact of a prior conviction, any fact that increases the penalty for a
crime beyond the prescribed statutory maximum must be submitted to a jury, and proved
beyond a reasonable doubt.”  Apprendi v. N.J., 530 U.S. 466, 490, 120 S. Ct.
2348, 2362-63, 147 L. Ed. 2d 435 (2000). 
The federal appellate courts have uniformly rejected the contention that
Apprendi is violated when a trial
court orders the cumulation of sentences which individually lie within the
statutory range of punishment but for which the cumulative total exceeds the
prescribed statutory maximum for any single offense.[4]  See
e.g. U.S. v. Davis, 329 F.3d 1250, 1253-55 (11th Cir.), cert. denied, 540 U.S. 925, 124 S. Ct. 330, 157 L. Ed. 2d 225
(2003); U.S. v. McWaine, 290 F.3d
269, 275-76 (5th Cir.), cert. denied,
537 U.S.
921, 123 S. Ct. 311, 154 L. Ed. 2d 210 (2002); U.S. v. Feola, 275 F.3d 216, 218-20 & n.1 (2nd Cir. 2001).

          Marrow
does not dispute that the sentence for each count lies within the prescribed
statutory range.  In view of the
virtually unanimous federal authorities and the unpublished state authorities
on this issue, we likewise conclude that no Apprendi
violation is shown.  Accordingly, we
overrule Marrow’s second issue.

We affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion delivered and filed June 15, 2005

Publish

[CRPM]











[1]               530
U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

 





[2]               851
S.W.2d 275 (Tex. Crim. App. 1993).





[3]               At
oral argument and in post-submission letter briefs, the parties addressed the
constitutionality of section 3.03 of the Penal Code, which governs a court’s
decision to cumulate sentences.  Even
with a liberal reading of Marrow’s second issue however, this issue is not
raised in the appellant’s brief. 
Therefore, we do not address the “supplemental” contention that section
3.03 is unconstitutional on its face.

 





[4]           Texas courts have
reached the same conclusion but only in unpublished decisions.  See
Bray v. State, No. 11-03-00364-CR, 2005 Tex.
App. LEXIS 741 at **9-10 (Tex.
App.—Eastland Jan. 31, 2005, no pet.) (not designated for publication); Peterson v. State, No. 01-02-00603-CR,
2003 Tex. App. LEXIS 9734 at **14-15 (Tex. App.—Houston [1st Dist.] Nov. 13, 2003, pet.
ref’d); Jaramillo v. State, No.
04-01-00846-CR, 2003 Tex. App. LEXIS 5067 at **3-6 (Tex. App.—San Antonio June 18, 2003, pet. ref’d).