JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Nathaniel Cooper ("appellant") appeals from the sentence imposed upon him in the Cuyahoga County Court of Common Pleas. For the reasons stated below, we affirm.
 {¶ 2} In the early morning hours of October 28, 2003, appellant went to the home of his ex-girlfriend, Eretta Foster ("Foster"). When Foster came to answer the door, she saw that appellant was carrying a bag and he indicated he had something for her. Foster allowed appellant to enter her home and allowed him to take a bath. Foster returned to bed and, although appellant sought to sleep with her, she told appellant to sleep on the floor in another room. Despite Foster's request, appellant climbed into bed with her, pulled off her skirt, held down her hands, and forced her to have sex with him. Afterwards, Foster threatened to call the police, and appellant fled. Appellant admitted that he knew Foster did not want to have sex that night.
 {¶ 3} On September 10, 2003, appellant was indicted on drug trafficking and possession. On November 10, 2003, appellant was indicted on one count of rape with a sexually violent predator specification and one count of kidnapping with a sexual motivation and sexually violent predator specification. On January 14, 2004, the cases proceeded to trial.
 {¶ 4} Appearing for trial, appellant elected to plead guilty to drug trafficking, in violation of R.C. 2925.03, and guilty to an amended charge of sexual battery, in violation of R.C. 2907.03.[1] At sentencing, appellant was ordered to serve a six-month term of incarceration on the drug trafficking charge. Sentencing on the sexual battery charge was continued for a psychiatric determination of whether appellant should be placed on probation through the mentally disordered offender program.
 {¶ 5} Following three more sentencing hearings, the court sentenced appellant to the maximum five years on the sexual battery charge. The court ordered this to be served consecutively with the previous six-month sentence for drug trafficking. The court also found appellant to be a habitual sexual offender and therefore ordered appellant to comply with all registration and community notification requirements.
 {¶ 6} It is from the court's sentence that appellant appeals and advances three assignments of error for our review.
 I. {¶ 7} In his first assignment of error, appellant argues that he "has been deprived of his liberty without due process of law and his constitutional right to a trial by jury by the maximum and consecutive sentences imposed on him, for the reason that a jury did not find the facts which supported the imposition of either maximum or consecutive sentences." We disagree.
 {¶ 8} Appellant bases his argument on the recent United States Supreme Court decision in Blakely v. Washington (2004), 542 U.S. ___,124 S.Ct. 2531, 159 L.Ed.2d 403. In Blakely, the court enforced the rule established in an earlier case, Apprendi v. New Jersey (2000),530 U.S. 466, 490, wherein the court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."
 {¶ 9} In Blakely, the defendant pled guilty to second-degree kidnapping with a firearm charge, a Class B felony under Washington law. Pursuant to Washington law, "[n]o one convicted of a [Class B] felony shall be punished by confinement * * * exceeding * * * a term of ten years." Within Class B felonies, however, Washington law sets forth standard sentencing ranges for specific offenses. In Blakely, the standard range for second-degree kidnapping with a firearm was 49 to 53 months.[2] A judge could impose a sentence above that range if he found "substantial and compelling reasons justifying an exceptional sentence."[3]
 {¶ 10} In Blakely, the state recommended the court impose the standard 49 to 53 months. The judge rejected the state's recommendation and instead sentenced defendant to 90 months because the court found he acted with "deliberate cruelty." On appeal, the United States Supreme Court reversed, finding that the court exceeded the statutory maximum sentence for the offense of second-degree kidnapping. The court reasoned, "* * * [t]he relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." In other words, the maximum sentence the judge could impose on the defendant was not the ten years for Class B felonies, generally, but the 49 to 53 months set forth for the specific offense to which the defendant pled guilty, namely, second-degree kidnapping. In the case sub judice, appellant was not sentenced beyond the maximum term authorized for sexual battery or drug trafficking.
 {¶ 11} Appellant pled guilty to sexual battery, a third-degree felony, and drug trafficking, a fifth-degree felony. Felonies of the third degree are punishable with prison terms from one to five years.[4]
Felonies of the fifth degree are punishable with terms from six to twelve months.[5] It is clear from the record that appellant received the five-year maximum for sexual battery and the six-month minimum for drug trafficking. Unlike Blakely, the court did not exceed the maximum sentence that could apply following appellant's guilty plea. In Ohio, there are no "standard range" of sentences within the overall statutory minimum and maximum sentences, as was the case in Washington.
 {¶ 12} In fact, the Blakely court specifically defends the sentencing in the case sub judice. The court writes: "In a system that says the judge may punish burglary with 10 to 40 years, every burglar knows he is risking 40 years in jail." In Blakely, the defendant knew that by pleading guilty, he was subjecting himself to a punishment of 49-to 53-months imprisonment, not the 90-month sentence that was imposed. In the case sub judice, when appellant pled guilty to sexual battery, he was aware that the offense was punishable from one to five years.[6]
 {¶ 13} The factors considered by the sentencing judge in deciding where along the sentencing scheme a defendant falls does not infringe upon the traditional fact finding function of the jury. As in all indeterminate sentencing schemes, "* * * a judge may implicitly rule on those facts he deems important to the exercise of his sentencing discretion." Although the trial court makes findings relative to the imposition of sentence in order to impose the maximum sentence or issue consecutive sentences, those findings are not "facts" for purposes ofBlakely. The judicial findings do not permit the court to exceed the maximum sentence allowed, they simply permit judicial discretion to utilize the sentencing range provided by the legislature. Appellant admitted to facts punishable by one to five years imprisonment. It is from those facts that the judge made findings to determine how many years are appropriate.
 {¶ 14} We find Blakely to be inapplicable in Ohio under these circumstances and therefore overrule appellant's first assignment of error.
 II. {¶ 15} In his second assignment of error, appellant argues that he "has been deprived of his liberty without due process of law by the maximum consecutive sentences imposed on him as said sentences do not comport with Ohio's new sentencing structure." We disagree.
 {¶ 16} In this assignment of error, appellant advances that the trial court failed to provide adequate reasoning for its imposition of maximum and consecutive sentences. In order for a trial court to impose the maximum sentence, it must make the required findings set forth in R.C.2929.14(C), which provides in relevant part: "* * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon * * * offenders who pose the greatest likelihood of committing future crimes. * * *" In addition, R.C. 2929.19(B)(2)(d) requires the trial court "make a finding that gives its reasons for selecting the sentence imposed" and if that sentence is the maximum term allowed for that offense, the judge must set forth "reasons for imposing the maximum prison term." Failure to enumerate these findings constitutes reversible error. State v. Edmonson, 86 Ohio St.3d 324, 329, 1999-Ohio-110. The trial court is guided by R.C. 2929.12(B) and (D) in making this inquiry. Id. Having reviewed the record, we find no error in appellant's maximum sentence.
 {¶ 17} The court detailed appellant's long criminal history, including multiple drug offenses, arson, and rape. It was noted that appellant habitually uses cocaine and has failed to rehabilitate himself through prior incarceration or substance abuse treatment. Further, the court found that appellant expressed no remorse for his crime; instead, he rationalized his behavior as justifiable because, as the court stated, he gave the victim "a present of juice and two dollars; therefore she got something in exchange for sex." The court concluded: "So I find he possesses the greatest likelihood of recidivism, he's a repeat violent offender, and the maximum sentence in this case is five years. I'm going to give him five years."
 {¶ 18} Having reviewed the record, we find that the court made the appropriate findings, and the imposition of the maximum sentence was appropriate. The court committed no error.
 {¶ 19} Appellant also contends the imposition of consecutive sentences was improper. R.C. 2929.14(E)(4) states in relevant part: "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court finds any of the following:
"(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
"(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 20} State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165; State v.Bolton (Feb. 24, 2000), Cuyahoga App. No. 75865. The trial court need not recite the exact language of the statute, as long as it is clear from the record that the court made the required findings. State v. Casalicchio,
Cuyahoga App. No. 82216, 2003-Ohio-3028. If the findings are discernible from the record, the court has complied with R.C. 2929.19(B)(2)(c) and2929.14(E)(4). Id.; State v. Chaney, Cuyahoga App. No. 80496, 2002-Ohio-4020.
 {¶ 21} In the case sub judice, the court detailed appellant's criminal history, substance abuse, history of failed treatment, and lack of remorse. The court concluded that consecutive sentences were necessary to protect the public from future crime and that the sentence was neither disproportionate to the seriousness of appellant's conduct nor the danger he poses to the public. We find the court made all necessary findings and that the imposition of consecutive sentences was not made in error.[7]
 {¶ 22} Appellant's second assignment of error is overruled.
 III. {¶ 23} In his third assignment of error, appellant argues that "the trial court erred by not making findings in support of its adjudication that [he] was a habitual sexual offender with the additional requirement of community notification." We again disagree.
 {¶ 24} The court, having determined that appellant had a prior conviction for rape, classified him as a habitual sexual offender and ordered him to register as such and comply with the community notification provisions of R.C. 2950.10 and 2950.11. Under R.C. 2950.09(E), there is no requirement that the court conduct a hearing before classifying a defendant a habitual sexual offender. R.C. 2950.09(E) provides that:
"(E) If a person is convicted of or pleads guilty to committing, on or after the effective date of this section, a sexually oriented offense, the judge who is to impose sentence on the offender shall determine, prior to sentencing, whether the offender previously has been convicted of, or pleaded guilty to a sexually oriented offense. If the judge determines that the offender previously has not been convicted of or pleaded guilty to a sexually oriented offense, the judge shall specify in the offender's sentence that the judge has determined that the offender is not a habitual sex offender. If the judge determines that the offender previously has been convicted of or pleaded guilty to a sexually oriented offense, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a habitual sex offender and may impose a requirement in that sentence and judgment of conviction that the offender be subject to the community notification provisions regarding the offender's place of residence that are contained in sections 2960.10 and2950.11 of the Revised Code. Unless the habitual sex offender also has been adjudicated as being a sexual predator relative to the sexually oriented offense in question, the offender shall not be subject to those community notification provisions if the court does not impose the requirement described in this division in the offender's sentence and the judgment of conviction."
 {¶ 25} It is clear from the record in this case that appellant had a prior rape conviction; therefore, the court did not err in determining appellant to be a habitual sexual offender.
 {¶ 26} Pursuant to State v. Eppinger (2001), 91 Ohio St.3d 158, a three-step procedure must be followed in sexual offender classification hearings. These steps are: (1) creation of a record for review; (2) appointment of an expert, if necessary; and (3) consideration of the factors of R.C. 2950.09(B)(2).
 {¶ 27} The record shows that the trial court considered the factors set forth under R.C. 2950.09(B)(3) and determined that appellant was not a sexual predator but that he met the requirements of a habitual sexual offender pursuant to R.C. 2950.01. Further, the record is replete with the court's understanding of the facts and circumstances of the present offense, appellant's previous criminal history, failed incarceration and rehabilitative measures, and lack of remorse. While these reasons were not repeated at the actual sexual classification hearing, the record as a whole clearly indicates the criteria to which the court used in reaching its decisions. We find no reason to order the trial court to repeat its findings ad nauseam. The record has been sufficiently created for our review.
 {¶ 28} Lastly, the discretion to impose community notification upon a habitual sexual offender is set forth under R.C. 2950.09(E).[8] Neither the statute nor the applicable case law states that the court needs to set forth additional reasons for imposing community notification once the court makes the habitual sexual offender determination.
 {¶ 29} Appellant also argues that community notification is "intended to serve one purpose — to let people in a community know about strangers in their midst who may prey on children or violently assault adults." Appellant argues that because his rape victims were not strangers, but rather acquaintances, the "general purpose of R.C. 2950.02's community notification requirement — protecting the public from an unknown stranger who preyed on persons he did not know for sexual gratification — did not exist." He concludes that because there is no history of sexually oriented offenses with strangers, "the record did not support the trial court's imposition of community notice." This argument is without merit.
 {¶ 30} According to the notes that accompany R.C. 2950.02, the legislative purpose behind community notification is "* * * to promote public safety and bolster the public's confidence in Ohio's criminal and mental health systems. The legislative intent is remedial, not punitive:State v. Cook (1998), 83 Ohio St.3d 404." Besides the fact that the classification "stranger" does not appear anywhere in R.C. 2950.02, under appellant's logic, community notification would be improper when an offender sexually assaults anyone known to him. We do not accept this interpretation of R.C. 2950.02.
 {¶ 31} Appellant's third assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J., Concurs; Dyke, P.J., Concurs. (see separate concurringopinion.)
[1] The drug possession and kidnapping charges were dismissed.
[2] Pursuant to the Washington Sentencing Reform Act.
[3] These sentences are then known to be "exceptional" sentences.
[4] Pursuant to R.C. 2929.14(A)(3).
[5] Pursuant to R.C. 2929.14(A)(5).
[6] Likewise, appellant knew that pleading guilty to drug trafficking carried a possible sentence of six to twelve months imprisonment.
[7]Further, courts have consistently held that the imposition of consecutive sentences does not raise issues under the Sixth Amendment as long as the individual sentence for each count does not exceed that maximum. See United States v. Feola (C.A.2, 2001), 275 F.3d 216, 220. As stated above, appellant's sentence for sexual battery met the maximum; it did not exceed it. His sentence for drug trafficking was the minimum sentence permitted.
[8] The statute provides that the court "may impose a requirement in that sentence and judgment of conviction that the offender be subject to the community notification provisions regarding the offender's place of residence that are contained in sections 2960.10 and 2950.11 of the Revised Code."
 CONCURRING OPINION