JOURNAL ENTRY AND OPINION
{¶ 1} Carl Baker ("Baker") appeals the decision of the trial court imposing community notification in conjunction with classifying him as a habitual sex offender. Baker argues that the trial court failed to make the required findings before imposing community notification. For the following reasons, we affirm.
 {¶ 2} On August 19, 1986, the trial court sentenced Baker to two concurrent terms of five to twenty-five years after accepting his pleas of guilty to two counts of rape. The trial court ordered his sentence to be served concurrent with an additional five to twenty-five year term imposed for another count of rape pleaded guilty to by Baker.
 {¶ 3} On January 21, 2005, the trial court held a sexual predator hearing and found Baker to be a habitual sex offender subject to community notification. Baker appeals the requirement of community notification but not his classification as a habitual sex offender.
 {¶ 4} In his single assignment of error, counsel for Baker argues, "[i]t was improper for the trial court to impose a community notification requirement on Mr. Baker as a habitual sexual offender."
 {¶ 5} The decision to impose community notification upon a habitual sex offender is within the sound discretion of the trial court. State v. Thomas (January 28, 1999), Cuyahoga App. Nos. 72535, 72539, and 72544, 1999 Ohio App. LEXIS 165. Accordingly, the trial court's decision will not be overturned absent an abuse of that discretion. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 6} Pursuant to R.C. 2950.09(C)(2)(ii) and R.C. 2950.09(E), if the trial court determines that the offender is not a sexual predator but a habitual sex offender, the trial court may
impose a requirement that the offender be subject to the community notification provisions.
 {¶ 7} In the present case, the trial court found Baker to be a habitual sex offender and imposed community notification. The trial court based its decision on the following factors: Baker's prior criminal record, including the two separate rape convictions, Baker's drug use, that Baker committed a second rape while awaiting sentencing for the first rape, and that Baker threatened his victims.
 {¶ 8} In response, Baker now argues that the trial court did not enunciate any factors to explain its imposition of community notification. Baker further argues that without any listed factors, this court cannot determine if the trial court abused its discretion in imposing community notification. We disagree.
 {¶ 9} This appellate court has previously held that "neither the statute nor the applicable case law states that the court needs to set forth additional reasons for imposing community notification once the court makes the habitual sexual offender notification." State v. Cooper (June 30, 2005), Cuyahoga App. No. 84645, 2005-Ohio-3424.
 {¶ 10} Accordingly, we find that the trial court did not abuse its discretion by imposing community notification without supplying the factors behind the implication. Baker's single assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Diane Karpinski, P.J., and Anthony O. Calabrese Jr., J.,concur