TYSON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-03-375-CR

         2-03-376-CR

LAWTON FREDERICK TYSON A/K/A APPELLANT

LAWTON F. TYSON

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

OPINION

------------

Appellant Lawton Frederick Tyson a/k/a Lawton F. Tyson appeals from his convictions on one count of aggravated sexual assault of a child under the age of fourteen and five counts of sexual assault of a child under the age of seventeen.  In three points, he contends that the trial court reversibly erred by permitting the State to amend the indictment on the day of trial, by granting the State’s motion to cumulate the sentences for each count and each offense, and by charging the jury on counts two through five of the sexual assault offense in the disjunctive.  In a fourth point, he contends that his constitutional protection against double jeopardy was violated by being convicted and punished consecutively for offenses occurring in the same criminal episode that constitute a single offense.  We affirm as to the aggravated sexual assault and as to count one of the sexual assault, but we reverse and remand for a new trial on counts two through five of the sexual assault.

Background Facts

Police found sexually explicit photographs of children while searching the home of Jeffrey Cissell, an associate of appellant’s.  After identifying two of the children in the photographs, the two complainants in this case, police obtained a statement from the girls that appellant had sexually assaulted them.  The younger girl, who was twelve at the time of the events, testified at trial that appellant penetrated her sexual organ with his finger more than once.  The older girl, who is the older sister of the younger girl and who was fourteen at the time of the events, testified that on one occasion, appellant touched her under her clothing on her bottom, sexual organ, and breast with his hand.  He also touched her breast with his penis, put his finger inside her sexual organ, and placed his mouth on her sexual organ.  She also testified about another time when appellant touched her on and in her sexual organ with his penis.

Appellant was charged in case number 0870880D with one count of aggravated sexual assault of the younger child by inserting his finger into her female sexual organ on August 15, 1999.  In case number 0899697R, the State charged appellant with five counts of sexual assault of the older child:  count one alleged that on June 20, 1999, appellant caused the sexual organ of the child to contact his sexual organ; counts two through five alleged that on June 10, 1999, appellant caused the child’s sexual organ to contact his mouth, caused the child’s mouth to contact his sexual organ, penetrated the child’s female sexual organ by inserting his finger into it, and caused the child’s sexual organ to contact his sexual organ.  The trial court permitted the State to amend the indictment in number 0899697R on the day of trial to change the year of all of the dates to 2000 and to change the dates in counts two through five to June 11.
(footnote: 1)  The trial court also permitted the State to amend the date in the indictment in 0870880D to June 15, 2000.  Appellant’s counsel told the trial court that she had no objection to the amendment.

The jury convicted appellant in number 0870880D and assessed his punishment at ninety-nine years’ confinement.  The jury also convicted appellant in number 0899697R of count one and counts two through five, which were charged disjunctively, and assessed appellant’s punishment at twenty years’ confinement on count one and twenty years’ confinement on counts two through five.  The trial court’s judgment, however, sentenced appellant to twenty years’ confinement on each of counts two through five.  The trial court granted the State’s motion to cumulate or “stack” the sentences so that the sentences in number 0899697R ran consecutively to the sentence in 0870880D, and the sentences on the different counts in 0899697R ran consecutively to each other. 

Amendment of Indictment

In his first point, appellant contends that the trial court reversibly erred and abused its discretion by permitting the State to amend the indictment on the day of trial.  When the State asked to amend the indictment, appellant’s counsel affirmatively stated that she had no objection to the amendment and that appellant waived the ten-day notice afforded at the defendant’s request under article 28.10 of the code of criminal procedure.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 28.10(a) (Vernon 1989).  

An indictment may not be amended on the day of trial.  
See State v. Murk
, 815 S.W.2d 556, 558 (Tex. Crim. App. 1991).  But in order to preserve the error for appeal, a defendant must object; otherwise, the error is forfeited.  
Id
.
; Hoitt v. State
, 30 S.W.3d 670, 674 (Tex. App.—Texarkana 2000, pet. ref’d);
 Briones v. State
, No. 2-04-00250-CR, 2005 WL 1120018, at *2 (Tex. App.—Fort Worth May 12, 2005, no pet.) (mem. op.) (not designated for publication); 
see also Hernandez v. State
, 127 S.W.3d 768, 772 (Tex. Crim. App. 2004) (recognizing that article 28.10(c) provides that indictment or information may not be amended 
over defendant’s objection
 as to 
form or substance
 if indictment or information charges defendant with additional or different offense or if substantial rights of defendant are prejudiced);
 Garrett v. State
, 161 S.W.3d 664, 669 (Tex. App.—Fort Worth 2005, pet. filed) (same).  We overrule appellant’s first point.

Propriety of “Stacked” Sentences

Appellant’s second point complains that he was denied due process when the trial court cumulated or “stacked” his sentences without prior notice, either in the indictment or from the trial court prior to its granting the State’s motion to cumulate.  Appellant also appears to argue that the statutes allowing the trial court to cumulate the sentences in this way violate the 
Apprendi-Blakely-Ring
 line of cases recently handed down by the United States Supreme Court by increasing the maximum punishment for the offenses without a jury finding.  
Blakely v. Washington
, 542 U.S. 296, 124 S. Ct. 2531 (2004); 
Ring v. Arizona
, 536 U.S. 584, 122 S. Ct. 2428 (2002); 
Apprendi v. New Jersey
, 530 U.S. 466, 120 S. Ct. 2348 (2000).  Appellant does not argue that the stacking order violated a statutory provision.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 42.08 (Vernon Supp. 2004-05); 
Tex. Penal Code Ann.
 § 3.03 (Vernon 2003); 
see also LaPorte v. State
, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992) (holding that cumulation order not authorized by statute is in essence a void sentence and any error cannot be waived).

Both the Austin and Waco courts of appeals have held that a defendant is not entitled to prior notice before the trial court “stacks” sentences in accordance with the code of criminal procedure and the penal code.  
See Millslagle v. State
, 150 S.W.3d 781, 784-85 (Tex. App.—Austin 2004, pet. dism’d); 
Miller v. State
, No. 10-05-00004-CR, 2005 WL 1654754, at *1 (Tex. App.—Waco July 13, 2005, no pet. h.) (mem. op.) (not designated for publication); 
see also
 
Tex. Code Crim. Proc. Ann.
 art. 42.08; 
Tex. Penal Code Ann.
 § 3.03(b).  Those courts hold that the trial court has discretion to cumulate sentences in almost every case and that the statutes authorizing cumulation do not require notice.  
See Millslagle
, 150 S.W.3d at 784-85; 
Miller
, 2005 WL 1654754, at *1.  

We agree with those courts.  The plain language of the statutes does not require any prior notice.  And the statutes themselves provided appellant notice that “[b]ecause of the nature of the offenses for which [he] was convicted, the trial court was authorized to cumulate the sentences whether or not the offenses arose out of the same criminal episode.”  
See Millslagle
, 150 S.W.3d at 785; 
see also
 
Tex. Code Crim. Proc. Ann.
 art. 42.08; 
Tex. Penal Code Ann.
 § 3.03(b).

As to appellant’s 
Apprendi-Blakely-Ring
 complaint, “[t]he federal appellate courts have uniformly rejected the contention that 
Apprendi
 is violated when a trial court orders the cumulation of sentences which individually lie within the statutory range of punishment but for which the cumulative total exceeds the prescribed statutory maximum for any single offense.”  
Marrow v. State
, No. 10-04-00104-CR, 2005 WL 1405704, at *2 (Tex. App.—Waco June 15, 2005, pet. filed) (holding that no 
Apprendi
 violation shown when trial court cumulated sentences for aggravated sexual assault and indecency with a child when appellant did not dispute that sentence for each count was within statutory range); 
see, e.g., U.S. v. Davis
, 329 F.3d 1250, 1253-55 (11th Cir.), 
cert. denied
, 540 U.S. 925 (2003);
 U.S. v. Chorin
, 322 F.3d 274, 278-79 (3d Cir.), 
cert. denied
, 540 U.S. 857 (2003);
 
U.S. v. McWaine
, 290 F.3d 269, 275-76 (5th Cir.), 
cert. denied
, 537 U.S. 921 (2002); 
U.S. v. Feola
, 275 F.3d 216, 218-20 & n.1 (2d Cir. 2001); 
see
 
also Apprendi
, 530 U.S. at 474, 120 S. Ct. at 2354 (“The sentences on counts 3 and 22 have no more relevance to our disposition than the dismissal of the remaining 18 counts.”).  Some Texas courts have reached the same conclusion but only in unpublished cases.  
Marrow
, 2005 WL 1405704, at *2 n.4; 
see Peterson v. State
, Nos. 01-02-00603-CR, 01-02-00604-CR, 2003 WL 22681607, at *5 (Tex. App.—Houston [1st Dist.] Nov. 13, 2003, pets. ref’d) (mem. op.) (not designated for publication); 
Jaramillo v. State
, No. 04-01-00846-CR, 2003 WL 21395548, at *2 (Tex. App.—San Antonio June 18, 2003, pet. ref’d) (not designated for publication).  We agree with 
Marrow
, and the federal authority and unpublished state cases cited in 
Marrow
, and hold that the trial court did not violate the 
Apprendi-Blakely-Ring
 line of cases when it stacked appellant’s sentences in accordance with article 42.08 and section 3.03(b).  We overrule appellant’s second point.

Jury Charge Error

In his third point, appellant complains that the trial court’s charge in number 0899697R, which charged in the disjunctive as to counts two through five of the indictment, but for which the trial court sentenced him to separate twenty-year sentences for each count, essentially amounted to an instructed verdict to find him guilty of all four counts if it found him guilty of only one of the counts.  

The trial court’s charge charged the four counts disjunctively; in other words, it instructed the jury that if it found appellant committed any one of the four alleged acts, then it should find appellant guilty of one offense.  The State objected to the charge on the ground that section 3.03 “would allow multiple convictions of a same or similar offense committed in the same criminal episode when it’s for an offense of sexual assault.”  Appellant’s counsel responded, “[W]e believe it’s charged properly.”
(footnote: 2)  The trial court overruled the State’s objection, stating that “the Court views this as one offense of sexual assault alleged on the same day at the same time and this will be four ways of committing the offense of sexual assault.”  In other words, the trial court believed that the four counts were simply different methods of committing one offense.  The trial court stated that it made its ruling after reading 
Dalton v. State
, 898 S.W.2d 424 (Tex. App.—Fort Worth 1995, pets. ref’d).

The four allegations were pled in the indictment as counts.  The term “count” is used to charge a separate offense; a paragraph is a portion of a count and charges a method of committing an offense.  
Watkins v. State
, 946 S.W.2d 594, 601 (Tex. App.—Fort Worth 1997, pet. ref’d).  The substance of the allegation rather than the label it is given determines whether it is a count or paragraph.  
Id
.  Although a trial court may submit a disjunctive jury charge and obtain a general verdict when alternate theories involve the commission of the same offense, “separate offenses” may not be submitted to the jury in the disjunctive because of the possibility of a nonunanimous jury verdict.  
Francis v. State
, 36 S.W.3d 121, 124-25 (Tex. Crim. App. 2000) (op. on reh’g); 
Finster v. State
, 152 S.W.3d 215, 218 (Tex. App.—Dallas 2004, no pet.).  Thus, we must determine whether counts two through five alleged the same or separate offenses.

In 
Dalton
 and 
Watkins
, this court affirmed aggravated sexual assault convictions in which the indictments alleged the performance of different acts labeled as “counts” and the trial court charged the jury in the disjunctive as to each “count,” thus allowing the jury to return a general verdict.  
Watkins
, 946 S.W.2d at 600-02; 
Dalton
, 898 S.W.2d at 426-27.  In both of these cases, the State conceded that the counts were actually mislabeled paragraphs.  
Watkins
, 946 S.W.2d at 601; 
Dalton
, 898 S.W.2d at 426.  But since these cases were decided, the court of criminal appeals has held that in a prosecution for aggravated sexual assault of a child based on different acts occurring in the same transaction, each act is a separate violation of the child under section 22.021 of the penal code and constitutes a separate offense.  
Lopez v. State
, 108 S.W.3d 293, 303 (Tex. Crim. App. 2003); 
Vick v. State
, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999); 
Hendrix v. State
, 150 S.W.3d 839, 846 (Tex. App.—Houston [14th Dist.] 2004, pet. ref’d).
(footnote: 3) 

We have found no opinions addressing whether the different acts described in the sexual assault statute, penal code section 22.011(a)(2), constitute separate violations and, thus, separate offenses even if occurring during the same transaction, or whether the acts describe “one offense capable of being committed under alternate theories.”  
Finster
, 152 S.W.3d at 218.  But a review of both section 22.021(a)(1)(B) and section 22.011(a)(2) shows that the same types of specific conduct that are described in section 22.021(a)(1)(B) are described in section 22.011(a)(2).  
Tex. Penal Code Ann
. §§ 22.011(a)(2), 22.021(a)(1)(B) (Vernon Supp. 2004-05).  In addition, the acts in section 22.011(a)(2) are described in separate sections, which are separated by the word “or,” the same as the acts in section 22.021(a)(1)(B).  
See Vick
, 991 S.W.2d at 832-33.  Thus, we conclude that the different types of conduct described in section 22.011(a)(2) constitute separate offenses even if the different types of conduct occur in the same transaction except in cases in which one of the acts would necessarily be subsumed by another, such as contact being subsumed by penetration.  
See Patterson
, 152 S.W.3d at 92; 
Hendrix
, 150 S.W.3d at 847-48 (holding that charges submitting instances of penetration and contact occurring in the same transaction did not deprive the appellant of a unanimous verdict because “all of the jurors who believed there was penetration necessarily also believed that antecedent contact had occurred”).  

Here, counts two through five each alleged different, specific instances of conduct described separately in section 22.011(a)(2).  
Tex. Penal Code Ann
. § 22.011(a)(2).  None of the alleged offenses is subsumed within another.  Thus, we conclude that the trial court erred in submitting counts two through five in the disjunctive.

Because appellant did not object at trial to the error in the court’s charge, we must decide whether the error was so egregious and created such harm that appellant did not have a fair and impartial trial—in short, that “egregious harm” has occurred. 
 Almanza v. State
, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g);
 see 
Tex. Code Crim. Proc. Ann
. art. 36.19 (Vernon 1981); 
Hutch v. State
, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996).

In making this determination, “the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.”  
Almanza
, 686 S.W.2d at 171; 
see generally Hutch
, 922 S.W.2d at 172-74.  The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused.  
Almanza
, 686 S.W.2d at 174.  Egregious harm is a difficult standard to prove and must be determined on a case-by-case basis.  
Ellison v. State
, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002); 
Hutch
, 922 S.W.2d at 171.

Because four separate offenses were submitted as one, it is impossible to tell whether the jury unanimously found all of the facts for each or even one of the offenses.  Thus, it is possible that the jury returned a nonunanimous verdict.  
See Hendrix
, 150 S.W.3d at 849 (holding that court’s erroneous disjunctive charge on one of several indictments against the appellant was harmful error under 
Almanza
 standard because the erroneous charge made it possible for the jury to return a nonunanimous verdict).  Moreover, in this case, the trial court’s judgment sentenced appellant to twenty years’ confinement on each of counts two through five.  Therefore, although the jury assessed only one twenty-year sentence as to all four counts, the trial court entered a separate twenty-year sentence as to each count.  Consequently, we conclude that the charge error constituted “egregious harm.”  We sustain appellant’s third point.
(footnote: 4)
Conclusion

Having overruled appellant’s first and second points and sustained his third, we affirm the trial court’s judgments in number 0870880D and on count one in number 0899697R.  We reverse the trial court’s judgment in number 0899697R as to counts two through five and remand for a new trial on those counts in accordance with this opinion.

TERRIE LIVINGSTON

JUSTICE

PANEL F: LIVINGSTON, GARDNER, and WALKER, JJ.

PUBLISH

DELIVERED:  August 11, 2005

FOOTNOTES
1:
They also changed the offense from sexual assault of a child under fourteen to sexual assault of a child under seventeen.

2:
The State contends appellant should be estopped from complaining about any error in the jury charge because appellant “actively opposed the State’s attempt . . . to fix the charging mistake” and thus invited error.  But the invited error rule applies when the trial court submits the erroneous instruction at an appellant’s request.  
See Turner v. State
, 87 S.W.3d 111, 117 (Tex. Crim. App. 2002), 
cert. denied
, 538 U.S. 965 (2003); 
Prystash v. State
, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1102 (2000); 
Willeford v. State
, 72 S.W.3d 820, 823 (Tex. App.—Fort Worth 2002, pet. ref’d); 
Quattrocchi v. State
, No. 02-04-00421-CR, 2005 WL 1792034
, at *5
 (Tex. App.—Fort Worth July 28
, 2005, no pet. h.)
.  Appellant’s statement in this case is more akin to a lack of an objection than to the vigorous defense of an erroneous charge or an affirmative request to submit the instruction.  
See Bluitt v. State
, 137 S.W.3d 51, 53 (Tex. Crim. App. 2004).  Indeed, had the trial court’s judgment comported with the jury’s verdict, appellant would have received only one twenty-year sentence rather than four twenty-year sentences.

3:
But see Patterson v. State
, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004) (stating, in discussion of whether indecency with child by exposure was distinct offense from penetration by contact, that “penile contact with mouth, genitals, or anus in the course of penile penetration” would be subsumed within the penetration offense and would not be a separate and distinct offense from the penetration).

4:
In light of our disposition of appellant’s third point, we need not address his fourth point.  
See
 
Tex. R. App. P.
 47.1.