COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 02-05-286-CR

ARTURO CASTRELLON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM 
OPINION
(footnote: 1)

------------

Appellant Arturo Castrellon was convicted of two counts of aggravated sexual assault of a child.  In one issue, Castrellon appeals the trial court’s order stacking the five-year sentences returned by the jury.  The sufficiency of the evidence is not challenged on appeal.  We affirm.  

The testimony at trial indicated that Castrellon assaulted N.C., a child younger than fourteen years of age, both orally and vaginally in his vehicle.  After the jury convicted Castrellon on both counts, they assessed punishment at five years for each count.  The trial court ordered that the sentences be served consecutively.

On appeal, Castrellon argues that the trial court erred by ordering the five-year sentences to run consecutively because it was impossible to determine from the face of the indictment whether Castrellon was being prosecuted for the offenses as part of one scheme or plan, or the repeated commission of the same or similar offense.  The State prosecuted Castrellon by an indictment that alleged separate offenses of aggravated sexual assault in two counts and also alleged that both offenses occurred on the same day.  Castrellon asserts that the trial court did not have the ability to stack his sentences because there was no indication, prior to trial, of how the State alleged the offenses were committed as part of the same criminal episode.  The State responds that Castrellon was not entitled to prior notice before the trial court stacked his sentences in accordance with the Code of Criminal Procedure.  We agree.

Castrellon was not entitled to prior notice before the trial court stacked his sentences.  
See Tyson v. State
, 172 S.W.3d 172, 176–77 (Tex. App.—Fort Worth 2005, pet. ref’d).  In 
Tyson, 
we held that 
the trial court has discretion to cumulate sentences in almost every case and that the statutes authorizing cumulation do not require notice.  
Id.
; 
see also Millslagle v. State
, 150 S.W.3d 781, 784–85 (Tex. App.—Austin 2004, pet. dism’d). 
 The statutes provided Castrellon notice that “[b]ecause of the nature of the offenses for which [he] was convicted, the trial court was authorized to cumulate the sentences whether or not the offenses arose out of the same criminal episode.”  
Millslagle
, 150 S.W.3d at 785; 
see also
 
Tex. Code Crim. Proc. Ann.
 art. 42.08 (Vernon Supp. 2006); 
Tex. Penal Code Ann.
 § 3.03(b) (Vernon Supp. 2006).      

Because Castrellon was not entitled to notice of stacking and thus the trial court committed no error, we overrule Castrellon’s sole issue and affirm the trial court’s judgment.

BOB MCCOY

JUSTICE

PANEL A: LIVINGSTON, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  October 5, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.