COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NO.
02-05-286-CR

 

 

ARTURO CASTRELLON                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Arturo Castrellon
was convicted of two counts of aggravated sexual assault of a child.  In one issue, Castrellon appeals the trial
court=s order stacking the five-year sentences returned by the jury.  The sufficiency of the evidence is not
challenged on appeal.  We affirm.  








The testimony at trial
indicated that Castrellon assaulted N.C., a child younger than fourteen years
of age, both orally and vaginally in his vehicle.  After the jury convicted Castrellon on both
counts, they assessed punishment at five years for each count.  The trial court ordered that the sentences be
served consecutively.

On appeal, Castrellon argues
that the trial court erred by ordering the five-year sentences to run
consecutively because it was impossible to determine from the face of the
indictment whether Castrellon was being prosecuted for the offenses as part of
one scheme or plan, or the repeated commission of the same or similar offense.  The State prosecuted Castrellon by an
indictment that alleged separate offenses of aggravated sexual assault in two
counts and also alleged that both offenses occurred on the same day.  Castrellon asserts that the trial court did
not have the ability to stack his sentences because there was no indication,
prior to trial, of how the State alleged the offenses were committed as part of
the same criminal episode.  The State
responds that Castrellon was not entitled to prior notice before the trial
court stacked his sentences in accordance with the Code of Criminal
Procedure.  We agree.








Castrellon was not entitled
to prior notice before the trial court stacked his sentences.  See Tyson v. State, 172 S.W.3d 172,
176B77 (Tex. App.CFort Worth
2005, pet. ref=d).  In Tyson, we held that the trial court
has discretion to cumulate sentences in almost every case and that the statutes
authorizing cumulation do not require notice. 
Id.; see also Millslagle v. State, 150 S.W.3d 781, 784B85 (Tex. App.CAustin 2004, pet.
dism=d).  The statutes provided Castrellon notice that A[b]ecause of the
nature of the offenses for which [he] was convicted, the trial court was
authorized to cumulate the sentences whether or not the offenses arose out of
the same criminal episode.@  Millslagle, 150 S.W.3d at 785; see
also Tex. Code Crim. Proc. Ann.
art. 42.08 (Vernon Supp. 2006); Tex.
Penal Code Ann. ' 3.03(b) (Vernon Supp. 2006).      

Because Castrellon was not
entitled to notice of stacking and thus the trial court committed no error, we
overrule Castrellon=s sole issue
and affirm the trial court=s judgment.

 

 

BOB MCCOY

JUSTICE

 

PANEL A:   LIVINGSTON, WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  October 5, 2006











[1]See Tex. R. App. P. 47.4.