IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00060-CR

 

Gilberto Mata, Sr.,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2004-754-C

 



memorandum Opinion



 








            Appellant Gilberto Mata, Sr., was
charged by indictment with ten felony counts—indecency with a child (3 counts),
sexual assault (3 counts), and aggravated sexual assault (4 counts)—alleged to
have been committed between 1991 and 1998.  A jury found Mata guilty on all ten
counts and assessed:  life sentences on counts 2, 3, 4, and 7; twenty years on
counts 1, 5, 6, 8, 9, and 10.  The trial court stacked the sentences in counts
8, 9, and 10.  Asserting thirteen issues, Mata appeals.  We will affirm.




Charge Issues

            Mata’s first ten issues complain that
the trial court improperly commented on the weight of the evidence by
“directing a verdict” on two of the elements the State was required to prove: 
that T.G., the victim, was younger than 17 (for Counts 1, 6, 8, 9, and 10) or younger
than 14 (for Counts 2, 3, 4, 5, and 7), and that she was not Mata’s spouse.  For
example, the application paragraph for Count 1 in the charge reads:

Now if you find from the evidence beyond a
reasonable doubt that on or about the 25th day of August, 1991, in McLennan
County, Texas, the defendant, Gilberto Mata, Sr., did then and there,
intentionally or knowingly engage in sexual contact with [T.G.] by touching the
genitals of [T.G.], a child younger than seventeen years of age and not the
spouse of the defendant, then you will find the defendant guilty of the
offense of Indecency with a Child, as alleged in Count 1 of the indictment.

 

[Emphasis
added].

 

Count 2 in the charge reads:

Now if you find from the evidence beyond a
reasonable doubt that on or about the 25th day of September, 1991, in McLennan
County, Texas, the defendant, Gilberto Mata, Sr., did then and there,
intentionally or knowingly cause the sexual organ of [T.G.], a child who was
then and there younger than 14 years of age and not the spouse of the defendant,
to contact or be penetrated by the sexual organ of the defendant, then you will
find the defendant guilty of the offense of Aggravated Sexual Assault, as
alleged in Count 2 of the indictment.

 

[Emphasis
added].

 

            We will assume error and assess
whether harm occurred.  An unpreserved complaint about a charge error in a
criminal case is reviewed for “egregious harm.”  Almanza v. State, 686
S.W.2d 157, 171-72 (Tex. Crim. App. 1985) (op. on reh’g).  Because no objection
to the charge was made, Mata must show that he suffered egregious harm, a
difficult standard that is determined on a case-by-case basis.  Ellison v.
State, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002).  Errors that result in
egregious harm are those that affect “the very basis of the case,” deprive the
defendant of a “valuable right,” or “vitally affect a defensive theory.”  Hutch
v. State, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996) (citing Almanza,
686 S.W.2d at 172).  The harm to Mata must be actual, not just theoretical.  Almanza,
686 S.W.2d at 174.  In deciding whether egregious harm exists, we look at (1)
the charge itself, (2) the state of the evidence, including contested issues,
(3) the arguments of counsel, and (4) any other relevant information revealed
by the record of the trial as a whole.  Hutch, 922 S.W.2d at 171.

            The evidence was uncontested that T.G.
was both a child as defined in the charge and not Mata’s spouse.  T.G.
testified that her date of birth was August 25, 1985, that her mother had left
her to live with Mata and his wife when T.G. was six years old, and that Mata
took on the role of father and grandfather.  Further, the charge defined
“child” as “a person younger than seventeen (17) years of age who is not the
spouse of the actor.”  We hold that Mata has not suffered egregious harm. 
Issues one through ten are overruled.

Sentencing Issues

            The trial court “stacked” the three
twenty-year sentences on counts 8, 9, and 10, ordering them to be served
consecutively.  Relying on Villescas v. State, 189 S.W.3d 290 (Tex.
Crim. App. 2006), issue eleven complains that Mata’s constitutional rights to
due process and due course of law were violated because he was not given
pretrial notice of the State’s intent to seek consecutive sentences.  Villescas
does not address the issue of notice of sentence cumulation.

This court and others have addressed this issue,
holding that the statutes (Tex. Code
Crim. Proc. Ann. art. 42.08 (Vernon 2006); Tex. Pen. Code Ann. § 3.03(b)(2)(A) (Vernon Supp. 2006)) do
not require the giving of notice or that those statutes are the notice.  Tyson
v. State, 172 S.W.3d 172, 176 (Tex. App.—Fort Worth 2005, pet. ref’d); see
also Millslagle v. State, 150 S.W.3d 781, 784-85 (Tex. App.—Austin
2004, pet. dism’d); Miller v. State, 2005 WL 1654754, at *1 (Tex. App.—Waco July 13, 2005, no pet.)  (mem. op.) (not designated for publication); Levine v.
State, 2001 WL 43052, at *2-3 (Tex. App.—Amarillo, Jan. 16, 2001, no pet.)
(not designated for publication).  Accordingly, we overrule issue eleven.

Issues twelve and thirteen assert that the trial
court’s cumulation order violated Mata’s Sixth Amendment right to a jury trial
and that section 3.03(b)(2)(A) is unconstitutional on its face and as applied
on that same basis.  The Court of Criminal Appeals recently addressed an almost
identical complaint and held there was no constitutional infirmity.  Barrow
v. State, 207 S.W.3d 377, 379-82 (Tex. Crim. App. 2006).  Despite the
developing case law in this area in the United States Supreme Court,[1]
we are constrained to follow Barrow.  Issues twelve and thirteen are
overruled.

 

 

Having overruled all of Mata’s issues, we affirm
the trial court’s judgment.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray concurs in the judgment, but
not the opinion, of the Court without a separate opinion.)

Affirmed

Opinion
delivered and filed March 14, 2007

Do
not publish

[CRPM]









[1]               See, e.g., Cunningham v.
California, --- U.S. ---, 127 S.Ct. 856, 2007 WL 135687 (Jan. 22,
2007); United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d
621 (2005); Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); Ring
v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002); Apprendi
v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147
L.Ed.2d 435 (2000).