Opinion issued November 15, 2007 









 





In The

Court of Appeals

For The

First District of Texas






NOS. 01-06-00374-CR

 01-07-00839-CR






LARRY EUGENE SANTEE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 239th District Court

Brazoria County, Texas

Trial Court Cause No. 49414 (1)






O P I N I O N

 Appellant, Larry Eugene Santee, appeals from a judgment in count one for
aggravated sexual assault for which he was sentenced to life in prison and a $10,000
fine. See Tex. Pen. Code Ann. § 22.021(a) (Vernon Supp. 2006). In his sole point
of error, appellant contends that the trial court's submission of offenses in the
disjunctive in the charge to the jury violated his constitutional right to a unanimous
verdict. We conclude that the trial court did not err by allowing the jury to convict
appellant of aggravated sexual assault if it determined appellant contacted or
penetrated complainant's sexual organ. We affirm the trial court's judgment.

Background


 On January 17, 2003, at 5:30 a.m., appellant took a gun to a nearby football
stadium at a school to commit suicide. About 20 or 30 minutes later, appellant saw
complainant, a teacher, enter the school. Appellant and complainant were strangers. 
Appellant entered the building, where he found complainant in her classroom. 
Appellant told complainant that he "needed to use the restroom," but she responded
that the restrooms were locked and that he needed to leave. Appellant refused to
leave. Appellant asked her for money, but she said she did not have any. Appellant
tried to grab complainant, and she was able to push him off. Appellant then opened
his jacket to show that he had a gun in his pocket. Complainant yelled, but appellant
yelled louder, telling her that he meant business.

 Appellant placed his gun to the temple of complainant's head. Complainant
told him that he would have to use the gun because she was not going to let him touch
her. Appellant responded by knocking her off balance and "slamm[ing]" her on top
of the desk, pinning her down. Complainant screamed as loud as she could, but the
screams were met by increased violence. Appellant struck complainant in the face
with the gun, causing a bloody cut over her eye. Ordering her to stop screaming,
appellant hit her "with both fists in the face." Her was face covered in blood from the
assault. Appellant stopped hitting when complainant stopped screaming. Appellant
dragged complainant to the floor, pinned her down with his body, and straddled her. 
Appellant disrobed complainant by removing her coat, pulling down her pants, tights,
and underwear, and pushing up her sweater and bra over her chest, exposing her
breasts and stomach.

 Complainant described the sexual assault in detail. Appellant took his sexual
organ out of his pants and started rubbing his organ on complainant's stomach, then
in between her legs, and then he penetrated her female sexual organ with his organ. 
After he withdrew his organ, appellant ejaculated on her and the floor. Appellant got
up, holding the gun in his hand. Appellant fled after he took complainant's ring and
ordered her not to move. Complainant called 911 as soon as she was able to get to
her cell phone, which she had with her in the classroom. 

 Complainant was taken to the hospital, where a sexual assault examination was
performed. The medical records for the examination state that complainant's female
sexual organ was penetrated and that there was ejaculation on her thighs. A diagram
of her female sexual organ shows reddened point tenderness. The examination also
revealed multiple contusions and abrasions throughout most of her body.

 In the subsequent investigation, Detective Hunt of the Pearland Police
Department received a call that appellant lived in the area and matched the
description given by complainant. In the initial meeting between the detective and
appellant, appellant refused to give a DNA sample and gave an alibi that the detective
later determined was false. Detective Hunt interviewed appellant again on June 20,
2005. In that videotaped interview, appellant admitted the encounter with
complainant and consented to giving his DNA for examination.

 The DNA found on the right inner thigh of complainant matched appellant. 
Apparent semen was also found on the swabs taken from complainant's left inner
thigh, anus, and panties, but it was not tested further. Semen was not detected on the
victim's vaginal specimen, oral specimen, or pubic area swab.

 At trial, the videotape taken by the detective was shown to the jury, after it was
admitted into evidence by the State. On the videotape, appellant said that when he
went into the classroom, he struck the complainant with his hand when she became
hysterical upon seeing him. Appellant said he "dropped the gun" when they started
fighting. After that, according to appellant, he took her pants off. Appellant
acknowledged that he was aroused and tried to penetrate her, but claimed that he
could not because he could not get an erection. 

 The jury also heard appellant's version of the events in his live testimony at
trial. Appellant claimed that complainant refused to talk to him and hit him on the
face with something from her desk that she threw at him. Appellant became angry
and "charged" at complainant. Appellant stated that complainant then stabbed him
in the arm with a pen. Appellant responded by punching her in the mouth, causing
her to bleed, and fall to the ground. Appellant got on the ground next to her, pressing
his hand over her mouth to try to stop her from screaming. Although complainant
repeatedly told him not to rape her, appellant claimed that she helped him remove her
clothes. Appellant stated that he pulled his own pants down to his knees and pulled
his male sexual organ out. Appellant stated that he massaged his organ and
ejaculated, and then reached down and put his hand on her leg when he pulled his
pants up. At that point, the gun fell out of his pocket on the ground, and he picked
it up and left. He said that he did not put a gun to her head, but he did have a gun
with him. Appellant denied penetrating complainant's female sexual organ and
denied that he rubbed his organ on her stomach.

Jury Charge Error

 In his sole point of error, appellant challenges the jury charge by asserting that
it erroneously allowed the jury to convict him for aggravated sexual assault without
unanimity.

 The first step in determining whether to reverse for jury charge error is to
examine whether the charge is erroneous, and if it is, the second step is to conduct a
harm analysis. Abdnor v. State, 871 S.W.2d 726, 731-32 (Tex. Crim. App. 1994).
Texas requires unanimous verdicts in all felony cases. See Tex. Const. art. V, § 13;
Stuhler v. State, 218 S.W.3d 706, 716 (Tex. Crim. App. 2007); Ngo v. State, 175
S.W.3d 738, 745 (Tex. Crim. App. 2005). The question of what a jury must be
unanimous about is determined by the legislative intent of the applicable statute. 
Valdez v. State, 218 S.W.3d 82, 84 (Tex. Crim. App. 2007). The applicable statue in
this case is section 22.021 of the Texas Penal Code. See Tex. Pen. Code Ann.
§ 22.021. 

 In his brief, appellant asserts, "Appellant's issue is that . . . the jury charge
submitted two offenses, Sections 22.021(a)(1)(A)(i) and 22.021(a)(1)(A)(iii) of the
Texas Penal Code in the disjunctive." Section 22.021(a)(1)(A)(i) concerns
penetration of the female sexual organ. See id. § 22.021(a)(1)(A)(2)(i). More
specifically, a person commits an offense of aggravated sexual assault if the person
intentionally or knowingly causes the penetration of the sexual organ of another
person by any means, without that person's consent, AND

  the person, by acts or words, places the victim in fear that death
or serious bodily injury will be imminently inflicted on any
person, see id. § 22.021(a)(1)(A)(i), (a)(2)(A)(ii); OR


  the person uses or exhibits a deadly weapon in the course of the
same criminal episode. See id. § 22.021(a)(1)(A)(i), (a)(2)(A)(iv).


(Emphasis added).

 Sections 22.021(a)(1)(A)(iii) concerns contact of the female sexual organ. See
id. § 22.021(a)(1)(A)(iii). More specifically, a person commits an offense of
aggravated sexual assault if the person intentionally or knowingly contacts the sexual
organ of another person by any means, without that person's consent, AND

  the person, by acts or words, places the victim in fear that death
or serious bodily injury will be imminently inflicted on any
person, see id. § 22.021(a)(1)(A)(i), (a)(2)(A)(ii); OR


  the person uses or exhibits a deadly weapon in the course of the
same criminal episode. See id. § 22.021(a)(1)(A)(i), (a)(2)(A)(iv).


(Emphasis added).

 "[E]ach section [under section 22.021] usually entails different and separate
acts to commit the various, prohibited conduct." Vick v. State, 991 S.W.2d 830, 833
(Tex. Crim. App. 1999). In Vick, the court held that a defendant acquitted for an
offense committed under section 22.021(a)(1)(B)(i) of the Texas Penal Code could
be tried under section 22.021(a)(1)(B)(iii) of the Texas Penal Code, based on the
same transaction as the offense for which the defendant had been acquitted. Id. 
Section 22.021(a)(1)(B)(i) of the Texas Penal Code, as it applied in Vick, stated that
a person commits an offense if the person intentionally or knowingly "causes the
penetration of the anus or female sexual organ of a child by any means." Id. at 832. 
Section 22.021(a)(1)(B)(iii) of the Texas Penal Code, as applied in Vick, stated that
a person commits an offense if the person intentionally or knowingly "causes the
sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of
another person, including the actor." Id. The rationale behind Vick is that under
section 22.021 of the Texas Penal Code, each sub-section separately describes
conduct that constitutes a separate offense. Villanueva v. State, 227 S.W.3d 744, 748
(Tex. Crim. App. 2007) (citing Vick, 991 S.W.2d at 832). In Vick, the Court of
Criminal Appeals stated, 

 section 22.021 is a conduct-oriented statute; it uses the conjunctive "or"
to distinguish and separate different conduct; and its various sections
specifically define sexual conduct in ways that usually require different
and distinct acts to commit. These considerations lead us to conclude
that the Legislature intended that each separately described conduct
constitutes a separate statutory offense.


Vick, 991 S.W.2d at 833. The Court of Criminal Appeals recently explained its
holding in Vick, by stating, 

 In Vick we were called upon to decide whether the Legislature intended
to allow more than one prosecution from separate instances of
aggravated sexual assault of a child, all defined in the same penal statute
and all committed during the same criminal transaction. We held that
the legislative intent was to permit more than one prosecution,
emphasizing inter alia, that Section 22.021 of the Penal Code "is a
conduct-oriented offense in which the legislature criminalized very
specific conduct of several different types."

Villanueva, 227 S.W.3d at 747-48. 

 "An allegation of 'penetration' of the sexual organ overlap[s] an allegation of
'contact' of the sexual organ because penetration of the genitals necessarily includes
contact." Vick, 991 S.W.2d at 834 n.2. Thus, a jury that finds a defendant guilty of
penetration of the sexual organ necessarily has determined unanimously that the
defendant made contact with the sexual organ. See id.; see also Patterson v. State,
152 S.W.3d 88, 92 (Tex. Crim. App. 2004) (stating that "penile contact with mouth,
genitals, or anus in the course of penile penetration" is subsumed in penetration
offense); Tyson v. State, 172 S.W.3d 172, 178 (Tex. App.--Fort Worth 2005, pet.
ref'd) (concluding that only one offense occurs if one act "would necessarily be
subsumed by another, such as contact being subsumed by penetration") Hendrix v.
State, 150 S.W.3d 839, 848 (Tex. App.--Houston [14th Dist.] 2004, pet. ref'd)
("[T]he penetration alleged also necessarily included contact."). 

 Here, the charge's application paragraph allowed the jury to find appellant
guilty of aggravated sexual assault in a single verdict if it determined beyond a
reasonable doubt that he intentionally or knowingly:

  caused his sexual organ to penetrate complainant's sexual organ
without her consent; and


  he used or exhibited a deadly weapon; or


  he did then and there by acts or words threaten to
cause or place complainant in fear that death or
serious bodily injury would be imminently inflicted
on her, and said acts occurred in her presence;


OR 


  caused his sexual organ to contact complainant's sexual organ
without her consent; and 


  he used or exhibited a deadly weapon; or


  he did then and there by acts or words threaten to
cause or place complainant in fear that death or
serious bodily injury would be imminently inflicted
on her, and said acts occurred in her presence.

 The jury unanimously found that appellant contacted or penetrated
complainant's sexual organ with his sexual organ. Because a finding of penetration
necessarily includes contact, we hold that the jury unanimously determined that
appellant contacted complainant's sexual organ and that it was not error to submit the
charge in the disjunctive. See Hendrix, 150 S.W.3d at 848 (holding disjunctive jury
charge of contact that was subsumed by penetration was not error because it "did not
deprive appellant of a unanimous verdict because all of the jurors who believed there
was penetration necessarily also believed that antecedent contact had occurred, and
a non-unanimous verdict was not possible"); Valdez v. State, 211 S.W.3d 395, 400
(Tex. App.--Eastland 2006, no pet.) (stating that there was no danger of jury not
returning unanimous verdict because contact with child's anus by appellant's sexual
organ was subsumed within allegation that appellant had penetrated child's anus with
his sexual organ); see also Tyson, 172 S.W.3d at 178 (analyzing section 22.011 of
Penal Code in light of Vick and concluding that "the different types of conduct
described in section 22.011(a)(2) constitute separate offense even if the different
types of conduct occur in the same transaction except in cases in which one of the acts
would necessarily be subsumed by another, such as contact being subsumed by
penetration") (emphasis added). We overrule appellant's sole point of error.

Conclusion

 We affirm the trial court's judgment.



 Elsa Alcala

 Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.

Publish. See Tex. R. App. P. 47.2(b).
1. Count 1 under this trial court number is assigned appellate cause number 01-06-00374-CR. Count 2 is appellate number 01-07-00839-CR. Although he noticed an
appeal of that conviction, appellant has not asserted an appellate complaint regarding
that conviction. We therefore affirm that conviction.