

IN THE
TENTH COURT OF APPEALS

No. 10-18-00343-CR

DAVID BENAVIDEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 272nd District Court
Brazos County, Texas
Trial Court No. 17-02918-CRF-272

MEMORANDUM OPINION

Appellant David Benavidez was convicted by a jury of the offense of aggravated sexual assault of a child, and the trial court imposed a sentence of thirty years' incarceration. Benavidez appeals his conviction asserting that his conviction should be overturned because the trial court erred in allowing the introduction of hearsay statements as excited utterances. We will affirm.

The victim, F.G., testified that she had been sexually assaulted by Benavidez, who was dating her mother, approximately fifteen times over a four-year period beginning

when she was ten years of age. The first incident occurred on or about the date included in the indictment—December 25, 2011—when Benavidez penetrated her sexual organ with his sexual organ. The events surrounding this incident, although not the incident itself, were corroborated by F.G.'s mother.

After F.G.'s mother stopped seeing Benavidez and the family moved from Bryan to San Antonio, F.G. told her mother about the abuse. The sister testified that she talked on the phone with F.G. the day F.G. made the outcry to their mother. During the call, F.G. was crying, hysterical, and couldn't catch her breath. After asking F.G. what happened, F.G. told her sister about the sexual assaults by Benavidez. The sister testified that F.G. told her that Benavidez, among other acts, "would put his mouth on her private part. . . ." F.G. did not testify that Benavidez contacted or penetrated her sexual organ with his mouth. F.G.'s mother testified that when F.G. made her outcry, she told her that "he tried putting his mouth on her down there." The mother testified that she then told F.G. to stop talking.

F.G.'s sister further testified that F.G. told her that F.G. had not told their mother about Benavidez's abuse before because Benavidez threatened F.G. and she was afraid of him. F.G. testified that Benavidez was mean and that Benavidez threatened F.G.'s mother.

Benavidez argues that the State did not sufficiently articulate a startling event that would support admission of F.G.'s hearsay statements to her sister as an excited utterance. Benavidez further argues that harm is shown because F.G.'s sister was the only witness to testify regarding oral to genital contact between Benavidez and F.G.

Benavidez finally argues that the sister's testimony was harmful because it included an extraneous offense—that Benavidez threatened F.G.

The erroneous admission of evidence is non-constitutional error that must be disregarded unless it affects a defendant's substantial rights. *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011); TEX. R. APP. P. 44.2(b). An error affects a defendant's substantial rights if it has "a substantial or injurious effect or influence on the jury's verdict." *Barshaw*, 342 S.W.3d at 93-94; *see also Casey v. State*, 215 S.W.3d 870, 884 (Tex. Crim. App. 2007). We will not overturn a criminal conviction for non-constitutional error if, after examining the record as a whole, we have fair assurance that the error did not influence the jury or influenced the jury only slightly. *Barshaw*, 342 S.W.3d at 93.

Assuming without deciding that the trial court erred in determining that F.G.'s statements to her sister were admissible as an excited utterance, the error did not affect the defendant's substantial rights because after examining the record as a whole, we have fair assurance that the error did not influence the jury or influenced the jury only slightly.

The indictment charged Benavidez in the disjunctive with contacting or penetrating the sexual organ of F.G., who was then younger than fourteen years of age, with his sexual organ or mouth, and the jury returned a general verdict of guilty, which is proper. *See Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991); *see also Tyson v. State*, 172 S.W.3d 172, 178 (Tex. App.—Fort Worth 2005, pet. ref'd). There was sufficient evidence for the jury to determine that Benavidez was guilty of the offense by penetrating F.G.'s sexual organ with his sexual organ as a conviction is supportable on the

uncorroborated testimony of the child victim. *See* TEX. CODE OF CRIM. PROC. ANN. art. 38.07; *see also Bautista v. State*, 605 S.W.3d 520, 525 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (uncorroborated testimony of victim sufficient to support conviction for aggravated sexual assault of a child).

Additionally, the State did not mention the sister's testimony regarding Benavidez's oral contact and/or penetration of F.G.'s sexual organ in its opening statement or closing argument or otherwise attempt to persuade the jury to convict based upon Benavidez's oral contact with or penetration of F.G.'s sexual organ.

As to Benavidez's argument regarding an extraneous offense, the State elicited testimony from F.G. regarding threats made by Benavidez prior to the sister testifying. If the trial court erred in admitting the sister's testimony, it had slight, if any, influence on the jury because F.G. had already testified regarding threats made by Benavidez, even though those threats were directed at her mother.

We overrule Benavidez's sole issue and affirm the judgment of the trial court.


MATT JOHNSON
Justice

Before Chief Justice Gray,
    Justice Neill, and
    Justice Johnson
Affirmed
Opinion delivered and filed March 3, 2021
Do not publish
[CRPM]

