

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00047-CR

GEORGE ALLEN DENNIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 371st District Court
Tarrant County, Texas[1]
Trial Court No. 1792366, Honorable Ryan Hill, Presiding

May 18, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant George Allen Dennis appeals his conviction for eight counts[2] of sex offenses against a child under 17.[3]  In one issue, he contends the trial court erred by

---

[1] Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Supreme Court of Texas.  *See* TEX. GOV'T CODE § 73.001.  Should a conflict exist between the precedent of the Second Court of Appeals and this Court on any relevant issue, we apply the precedent of the Second Court of Appeals.  TEX. R. APP. P. 41.3.

[2] Appellant was initially charged with twelve counts.  The State abandoned two; Appellant was found not guilty on two.

[3] *See* TEX PENAL CODE §§ 21.011(d), 22.011(a)(2).

submitting a jury charge that allowed a non-unanimous verdict. We hold that although the charge was erroneous, Appellant did not suffer egregious harm. We affirm.

## BACKGROUND

Appellant earned his living as a paramedic, a private tennis coach, and a photographer. As a coach, he gave individual and group lessons to middle-school and high-school students, most of whom were referred to him by high-school tennis coaches. He taught between forty and fifty students at any given time. Some were also clients of his photography business.

A.Z. began taking lessons from Appellant in 2020, at age fourteen. By 2021, A.Z. was taking two or three lessons each week. Appellant began driving A.Z. home and going upstairs with him to "stretch." The sessions led to time alone in A.Z.'s room and then to the first sexual contact, when Appellant touched A.Z.'s penis as A.Z. reached into his closet. Later encounters in the home progressed to oral sex in the guest bedroom. Appellant began buying A.Z. clothing, shoes, tennis equipment, sunglasses, and a diamond tennis bracelet. He also gave A.Z. a credit card.

A.Z.'s tennis improved, and Appellant urged him to enter out-of-town tournaments to acquire USTA points. Without A.Z.'s parents, the two traveled to Oklahoma, Arlington, Austin, Southlake, San Antonio, Waco, and Houston, sharing hotel rooms. In Southlake and Arlington, the encounters included oral and anal sex. In Waco, Appellant photographed A.Z., who wanted to model. The session included nude and otherwise inappropriate images. Appellant told A.Z. he was helping build a portfolio.

2

Between 2022 and 2023, the two also traveled to other locales, including Florida and once to California. These trips included additional photo sessions of the same nature and additional oral and anal sex. During the second Florida trip, shortly before A.Z.'s seventeenth birthday, the two argued. A.Z. wanted to leave but returned home with Appellant the next day.

Days later, A.Z. left with his father for Canada. While they were away, Appellant met with A.Z.'s mother and told her that A.Z. was gay. When A.Z. returned, his father confronted him, and A.Z. disclosed what had been happening with Appellant. The family filed a police report the next day. A.Z. underwent a SANE examination and a forensic interview, during which he described both oral and anal contact by Appellant.

Officers arrested Appellant at his parents' home, where he was living. A search produced numerous nude and provocative photos of what appeared to be teenage boys, sexual text messages between Appellant and A.Z., pornography, and similar messages exchanged in 2014 with two other tennis students who were then minors. After waiving his rights, Appellant admitted to a sexual relationship with A.Z.

At trial, Appellant denied the accusations and portrayed A.Z. as a problem child from a troubled family. The jury convicted Appellant on eight of the ten counts and acquitted him on two. It assessed fifteen-year sentences on four counts and seven-year sentences on the other four, with two of the seven-year sentences to run consecutively and the rest concurrently.

ANALYSIS

Appellant contends that counts two, five, six, eight, nine, and ten present problems for ensuring juror unanimity because the evidence showed multiple offenses of the same nature at the times and locations the State elected. We review alleged jury-charge error under a two-step framework. We determine whether error occurred and, if so, assess harm. Because Appellant did not object on unanimity grounds, reversal is required only if the error caused egregious harm. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985); *Nava v. State*, 415 S.W.3d 289, 298 (Tex. Crim. App. 2013).

Texas law requires a unanimous verdict on the specific offense committed. The jury must agree on a single, discrete incident that constitutes the commission of the offense alleged. *Cosio v. State*, 353 S.W.3d 766, 771 (Tex. Crim. App. 2011). When the evidence shows the charged offense occurred on multiple separate occasions, a generic unanimity instruction is not enough. The charge must direct jurors to agree unanimously on one particular incident supporting conviction on each count. *Id.* at 772; *see also Arrington v. State*, 451 S.W.3d 834, 841 (Tex. Crim. App. 2015).[4] Every instance of sexual assault of a child or indecency with a child by contact constitutes a separate offense. *Pizzo v. State*, 235 S.W.3d 711, 719 (Tex. Crim. App. 2007); *Tyson v. State*, 172 S.W.3d 172, 178 (Tex. App.—Fort Worth 2005, pet. ref'd).

After resting, the State elected specific incidents for each count, and the application paragraphs incorporated those elections. But A.Z.'s testimony described

---

[4] The trial court has an obligation to include such an instruction even if the defendant does not request one. *See Cosio*, 353 S.W.3d at 776 ("[A] defendant's failure to properly object to charge error controls only the type of harm analysis that will be applied.").

multiple similar acts within the elected timeframes and locations, including repeated anal contact in his bedroom, repeated oral sex during hotel stays in Southlake and Arlington, and conduct that recurred in the guest room. The general unanimity instruction did not direct the jury to agree unanimously on one discrete incident for each count. The charge therefore created a theoretical risk of a non-unanimous verdict. *See Cosio*, 353 S.W.3d at 772; *Arrington*, 451 S.W.3d at 841; *Higgins v. State*, No. 02-24-00055-CR, 2025 Tex. App. LEXIS 4500, at *14–16 (Tex. App.—Fort Worth June 26, 2025, no pet.) (mem. op., not designated for publication); *Brown v. State*, No. 02-22-00190-CR, 2023 Tex. App. LEXIS, at *16–17 (Tex. App.—Fort Worth July 27, 2023, no pet.) (mem. op., not designated for publication). The State concedes, and we agree, that the charge was therefore erroneous.

We therefore assess whether the error resulted in "egregious harm" to the Appellant. *Cosio*, 353 S.W.3d at 777. Egregious harm exists when the error affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Id.*; *Almanza*, 686 S.W.2d at 171. The determination must rest on actual rather than theoretical harm. *Cosio*, 353 S.W.3d at 777; *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015). We consider the charge, the state of the evidence (including contested issues and the weight of probative evidence), the arguments of counsel, and any other relevant information in the record. *Arrington*, 451 S.W.3d at 840; *Cosio*, 353 S.W.3d at 777.

The charge as a whole mitigated, but did not cure, the unanimity deficiency. It contained a general unanimity instruction and incorporated the State's elections into the application paragraphs. Although insufficient under *Cosio*, the charge is not the most

5

egregious form of the error. It is not a case of no unanimity instruction or of contradictory instructions. Nothing in the charge itself otherwise militates against the conclusion of error. *Id.* at 777. This factor weighs only modestly toward harm.

The state of the evidence weighs strongly against egregious harm. Appellant's defense was a categorical denial that any sexual contact had occurred. The defense was of the same character and strength across the board. *See id.* It is unlikely that the jury believed Appellant committed the offenses against A.Z. but disbelieved testimony of where they occurred. *See Owings v. State*, 541 S.W.3d 144, 152 (Tex. Crim. App. 2017) (holding that although it was "theoretically" possible jurors could disagree on location of where multiple offenses occurred, "the likelihood of that is almost infinitesimal."). Either the conduct happened as A.Z. described, or it did not. *See Cosio*, 353 S.W.3d at 778 n.76; *Taylor v. State*, 332 S.W.3d 483, 493 (Tex. Crim. App. 2011). Had the jury harbored reasonable doubt about A.Z.'s account, it would have acquitted across the board. *Cosio*, 353 S.W.3d at 777–78. On this record, it is logical to conclude that the jury unanimously agreed Appellant committed each of the separate instances of criminal conduct A.Z. described.

The arguments of counsel likewise cut against a finding of egregious harm. Neither the parties nor the trial court told the jury it did not need to be unanimous on the specific incident of criminal conduct. *See Cosio*, 353 S.W.3d at 777. To the contrary, the State told the jury in closing that it had to be unanimous as to each elected incident. Defense counsel did not address unanimity.

The jury's own conduct confirms the rest of the analysis. The jury convicted on eight counts and acquitted on two, an outcome that reflects careful, count-by-count deliberation rather than reflexive conviction. The trial court's preliminary instructions reinforced each juror's obligation to find guilt beyond a reasonable doubt.

Weighing these factors together, we hold the jury charge error did not affect the very basis of the case or vitally undermine Appellant's defensive theory of categorical denial. It did not cause egregious harm. *See Cosio*, 353 S.W.3d at 777–78. We overrule Appellant's sole issue.

## CONCLUSION

Having overruled Appellant's issue, we affirm the trial court's judgment.

Lawrence M. Doss
Justice

Do not publish.